UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

YOLANDA CARTER                                                                                    PLAINTIFF

V.                                                                        CIVIL ACTION NO. 3:18-CV-891-DPJ-JCG

ANDREW SAUL,
COMMISSIONER OF SOCIAL SECURITY                                                DEFENDANT

ORDER

An Administrative Law Judge (ALJ) denied Plaintiff Yolanda Carter's claim for disability benefits, and the Appeals Council denied review. Carter then appealed to this Court and filed a motion for summary judgment [11]. Upon referral, United States Magistrate Judge John C. Gargiulo recommended that this Court deny Carter's motion and affirm the Commissioner's decision. Report and Recommendation (R&R) [17]. Carter filed an Objection [18], and the Commissioner filed a Response [19]. For the reasons stated, the Court finds the R&R should be adopted as the Court's opinion.

Judge Gargiulo thoroughly addressed the grounds Carter presented in her appeal and correctly concluded that the Commissioner's decision should be affirmed. This Order focuses on the issues Carter chose to revisit in her Objection: (1) the ALJ's assessment of her ability to adapt and manage herself and (2) the ALJ's credibility determination.

First, Carter says the ALJ erred in finding she experienced no limitation in adapting and managing herself. R. [10] at 25 (ALJ Opinion). She takes issue with the ALJ's reliance on reports about her improved condition in October 2016, proposing instead that the ALJ should have evaluated her condition from the onset date (April 24, 2015) to October 2016. Obj. [18] at 3. Carter relies on statements by Jan Boggs, Ph.D., a consultative psychological examiner, and Constance Willis, a social worker at Weems Community Mental Health Center.

To begin, Carter points to Dr. Boggs's observation in January 2016 that "[Carter] was upset today and in this state would not be able to sustain routine job tasks, *but I do not know how often this is the case*." R. [10] at 520 (Dr. Boggs Report) (emphasis added). Carter prefers to omit the italicized portion of Dr. Boggs's statement in her Objection, as she did before Judge Gargiulo. Obj. [18] at 3; R&R [17] at 9 ("Ms. Carter does not quote this entire sentence in her briefing, instead representing that Dr. Boggs found 'in this state (she) would not be able to sustain routine job tasks . . . .'" (quoting R. [10] at 520)). The ALJ clearly considered what Carter omitted. He gave no weight to Dr. Boggs's opinion that Carter "would not be able to sustain routine tasks" because it was "based on the subjective complaints of the claimant and *a single examination*." R. [10] at 30 (ALJ Opinion) (emphasis added).

The ALJ also found Dr. Boggs's opinion lacking when compared to Willis's more recent, and more frequent, treatment notes. And as Judge Gargiulo noted, a determination that a claimant is essentially unable to work is a legal conclusion reserved to the Commissioner. R&R [17] at 9; *see also Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003) ("Among the opinions by treating doctors that have no special significance are determinations that an applicant is 'disabled' or 'unable to work.' 20 C.F.R. § 404.1527(e)(1). These determinations are legal conclusions that the regulation describes as 'reserved to the Commissioner.'"). Carter has provided no basis for overturning that conclusion.

Next, Carter zeros in on a single statement by Willis in October 2015 that "[Carter] has spontaneous crying spells for no reason." R. [10] at 534 (Weems Community Health Center Records). But, as pointed out by the ALJ, Willis's subsequent treatment notes from December 2015 to February 2016 indicate that Carter's condition improved. *Id.* at 31 (ALJ Opinion). For example, the Progress Notes Report for December 2015 indicates Carter's "meds seem to be

working better" and her mood had improved. *Id.* at 536 (Weems Records). Willis's reports from this time period also document continued improvement, with the following notations: "doing good" (November 10, November 24, and December 9, 2015); "meds are working good" and "she has been doing some better since last visit" (December 17, 2015); and "making progress towards looking at the brighter side of things" (December 28, 2015). *Id.* at 539–41 (Weems Records).

    And finally, as highlighted by Judge Gargiulo, the ALJ held:

> With regard to sustaining work activity, Ms. Willis opined the claimant does not want to work. She was non-complaint with therapists and refused to engage in social settings. As the opinions of Ms. Willis are consistent with the longitudinal record, the undersigned gives them substantial weight. In assigning substantial weight to these opinions, the undersigned specially notes that medical evidence reveals that, while receiving treatment, the claimant reports her meds were working better and her moods had improved.

*Id.* at 31 (ALJ Opinion); *see also* R&R [17] at 11–12; R. [10] at 535 (Weems Records) (noting Carter was noncompliant with therapist, refused to engage in social settings, and stayed at home all the time). In sum, the Court agrees with Judge Gargiulo's conclusion that the evidence cited by the ALJ supports the finding that Carter does not have limitatiosn in adapting and managing. R&R [17] at 12.

    Carter also takes issue with the following credibility assessment by the ALJ:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms *are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.*

R. [10] at 27 (ALJ Opinion) (emphasis added). Carter points to two reports by State Agency Medical Consultants where the examiner answered "yes" when asked, "Are the individual's statement about the intensity, persistence, and functionally limiting effects of the symptoms substantiated by the objective medical evidence alone?" *Id.* at 180 (Dr. Powers Report); *see also*

3

*id.* at 204 (Dr. Saddler Report) (same). She says the ALJ "never considered the opinions," but the record contradicts her assertion. Obj. [18] at 4.[1]

First, the ALJ specifically referenced Dr. Powers and his finding. R. [10] at 30 (ALJ Opinion) ("The opinion of Disability Determination Services psychological consultant, Dr. David Powers, is given some weight."). Second, the ALJ's residual functional capacity assessment incorporates findings from these reports. *See, e.g.*, *id.* at 26 (ALJ Opinion) (finding Carter should have no interaction with the general public); *id.* at 192 (Dr. Powers Report) (finding Carter is moderately limited in her ability to interact appropriately with the general public); *id.* at 26 (ALJ Opinion) (finding Carter can concentrate for two-hour periods); *id.* at 193 (Dr. Powers Report) ("The claimant can concentrate for at least 2 hour periods[.]"). And finally, in making the credibility assessment, the ALJ specifically accounted for "other evidence in the record." *Id.* at 27 (ALJ Opinion). Such evidence includes the ALJ's observation of Carter during her testimony, *id.* at 27, evidence of her daily activities, *id.* at 30, and treatment records, *id.* at 30–31. Again, the Court agrees with Judge Gargiulo's assessment that the ALJ's credibility determination is supported by substantial evidence.

The Court has considered all issues raised; those not addressed would not have changed the result. For the reasons stated, the Court finds the Report and Recommendation [17] should

---

[1] Carter cites four instances where providers gave affirmative responses to this question. Obj. [18] at 4 (citing to R. [10] at 180, 191, 204, 214). But it appears that the citations to pages 180 and 191 of the Record are duplicates—both were generated by David Powers, Ph.D., on January 23, 2016. The same can be said for the cites to pages 204 and 214—both were generated by Louis Saddler, M.D,. on March 19, 2016. *See* R&R [17] at 14 (referring only to pages 180 and 204). The Court also notes that despite his positive response, Dr. Powers concluded, "Fortunately there are no indications of a severe mental problem of any kind. There are no suggestions of significant social, concentration or intellectual difficulties." R. [10] at 193 (Dr. Powers Report). Carter chose to omit this portion of the report.

be adopted as the opinion of the Court; the decision of the Commissioner is affirmed. Carter's motion for summary judgment [11] is denied.

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 17th day of March, 2020.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE